Mark A. Miller (9563)
mmiller@hollandhart.com
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101
(801) 799-5800

Timothy P. Getzoff (*pro hac vice application to be filed*)
tgetzoff@hollandhart.com
HOLLAND & HART LLP
One Boulder Plaza
1800 Broadway, Suite 300
Boulder, CO 80302
(303) 473-2700

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **NUTRACEUTICAL CORPORATION,** a Delaware corporation, and **NUTRAMARKS, INC.**, a Delaware corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> **AFFORDABLE NATURALS, LLC,** a Minnesota limited liability company, <br><br> Defendant. | **COMPLAINT FOR TRADEMARK INFRINGEMENT** <br><br> Civil Case No. 2:14-cv-00907-EJF <br><br> Magistrate Judge Evelyn J. Furse |

Plaintiffs Nutraceutical Corporation and NutraMarks, Inc., in support of their Complaint against Defendant Affordable Naturals, LLC ("Defendant"), allege and state as follows:

## INTRODUCTION

1.      This is an action for trademark infringement and unfair competition resulting from Defendant's unauthorized infringement of the SIMPLERS trademark to market and sell personal care products.  Plaintiffs bring this action under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, and supplemental state law, to enjoin Defendant's further violation of Plaintiffs' common law trademark rights in the SIMPLERS Mark, and to disgorge all profits received Defendant enjoyed in connection with  its  use of the infringing trademark.

## THE PARTIES

2.      Plaintiff Nutraceutical Corporation ("Nutraceutical") is a Delaware Corporation having its principal place of business at 1400 Kearns Boulevard, Park City, Utah, 84060.

3.      Plaintiff NutraMarks, Inc. ("NutraMarks") is a Delaware Corporation having its principal place of business at 1500 Kearns Boulevard, Park City, Utah, 84060.

4.      Upon information and belief, Defendant Affordable Naturals, LLC ("Affordable Naturals") is a Minnesota limited liability company with its principal place of business at 6401 W. 106th Street, Bloomington, Minnesota.  Defendant advertises, sells, and distributes its products in Utah, and its sales and distributions affect the commerce of the United States.

## JURISDICTION AND VENUE

5.      This action arises under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, and supplemental state law.  This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1338, and 1367.

6.      Venue is proper in the District of Utah pursuant to 28 U.S.C. § 1391(b) and (c).

7.      The Court has personal jurisdiction over Defendant because it transacts business and sells products into Utah and has caused an injury to Plaintiffs within the state of Utah.

**GENERAL ALLEGATIONS**

**Plaintiffs' Use of SIMPLERS Trademark On Cosmetic Preparations**

8.      Nutraceutical (directly and through its subsidiaries) manufactures, distributes, and sells a wide variety of nutritional and dietary supplements, cosmetic products, and therapeutic topical products in health and natural food stores and similar outlets nationwide.

9.      NutraMarks is a wholly-owned subsidiary of Nutraceutical and owns the trademark rights to the SIMPLERS trademark at issue.  Unless otherwise specified herein, Nutraceutical and NutraMarks will be referred to collectively as "Nutraceutical."

10.     Since at least as early as 1983, Nutraceutical and its predecessor-in-interest, Simplers Botanical Company, LLC, have used the term SIMPLERS as a trademark throughout the United States in connection with the advertising, promotion, and sale of cosmetic health and beauty products.

11.     By virtue of its nationwide, continuous use of the SIMPLERS Mark, Nutraceutical and its predecessor-in-interest obtained nationwide common law rights to the SIMPLERS Mark throughout the United States by at least the 1983.

12.     On September 30, 2013, NutraMarks filed an application to register the mark SIMPLERS with the United States Patent and Trademark Office ("USPTO") for "cosmetic preparations, namely, essential oils for personal use and aromatherapy use; perfume oils; non-medicated cosmetics and skin care products, namely, face and body creams, face, body and lip salves, face and body sprays, face and body balms, face and body oils, face and body liquid soaps, face and body moisturizers, face, body, and hand lotions, lip balms, shaving lotions, shaving balms, perfumes and colognes, and face and body bar soaps; hair care preparations;

massage oils."  A copy of NutraMarks' trademark application for SIMPLERS is attached as Exhibit 1.

13. The SIMPLERS trademark application was duly examined by a Trademark Examiner at the USPTO who, on August 27, 2014, approved the SIMPLERS application for registration pursuant to 15 U.S.C. § 1062(a).

14. In addition, on September 30, 2013, NutraMarks filed an application to register the mark SIMPLERS BOTANICALS with the USPTO, which approved and issued the registration for SIMPLERS BOTANICALS (U.S. Reg. No. 4,647,662) on registered Dec. 2, 2014, for "cosmetic preparations, namely, essential oils for personal use and aromatherapy use; perfume oils; non-medicated cosmetics and skin care products, namely, face and body creams, face, body and lip salves, face and body sprays, face and body balms, face and body oils, face and body liquid soaps, face and body moisturizers, face, body, and hand lotions, lip balms, shaving lotions, shaving balms, perfumes and colognes, and face and body bar soaps; hair care preparations; massage oils."  A copy of NutraMarks' trademark registration for SIMPLERS BOTANICALS is attached as Exhibit 2.

15. The SIMPLERS mark is inherently distinctive or has acquired distinctiveness through Nutraceutical and its predecessor-in-interest's continuous and extensive use of the mark since 1983 in connection with the sale and promotion of its health and beauty products nationwide.

16. Nutraceutical and its predecessor-in-interest have expended considerable effort and expense advertising, marketing, and promoting the SIMPLERS mark throughout the United States.  Consequently, Nutraceutical possesses and enjoys considerable goodwill in the

SIMPLERS mark, which represents a valuable asset in identifying the goods sold under the SIMPLERS mark.

### In 2009, Defendant Begins Use Of And Registers The SIMPLY Trademark For Personal Care Products

17. On November 24, 2009, Defendant filed an application to register the mark SIMPLY with the USPTO, for "personal care products, namely lip balm."

18. In its trademark application, Defendant represented to the USPTO that its first use in commerce for the SIMPLY mark was August 1, 2009.

19. The USPTO does not search or review common law rights when examining federal trademark applications. As a result, Nutraceutical and its predecessor's common law rights to the SIMPLERS trademark dating back to 1983 were not considered or known by the USPTO when it reviewed Defendant's trademark application for SIMPLY.

20. The USPTO granted Defendant's registration for SIMPLY on March 22, 2011 (U.S. Registration No. 3,935,337).

### Defendant Opposes Nutraceutical's SIMPLERS Application And Admits That A Likelihood Of Confusion Exists Between The SIMPLY and SIMPLERS trademarks

21. On October 7, 2014, based on its registration for SIMPLY, Defendant filed a Notice of Opposition to NutraMark's SIMPLERS application before the Trademark Trial and Appeal Board ("the TTAB") (Opposition No. 91218720) ("the Opposition").

22. In the Opposition, Defendant affirmatively asserted that Plaintiffs' "Simplers mark for cosmetic preparations so resembles Opposer's registered SIMPLY mark as to be likely to cause confusion, mistake, or deception, and is therefore precluded from registration under Section 2(d) of the Lanham Act, 15 U.S.C. 1052(d)." Notice of Opposition, ¶8 (attached as Exhibit 3).

23. Defendant made its admission that a likelihood of confusion exists in full view of Nutraceutical's claimed first use date of 1983 for the SIMPLERS mark, which is stated on Nutraceutical's trademark application and predates Defendant's first use by approximately twenty-six (26) years.

24. At no time has Plaintiff given Defendant permission, license, or authorization to use the confusingly similar mark SIMPLY in connection with personal care or related products.

25. Due to Defendant's actual knowledge of Plaintiff's senior rights to the SIMPLERS mark, Defendant's infringement has been willful.

## FIRST CAUSE OF ACTION

### (TRADEMARK INFRINGEMENT UNDER § 43(a) OF THE LANHAM ACT)

26. Nutraceutical incorporates the preceding paragraphs as though set forth fully herein.

27. Defendant's actions as described above, and specifically Defendant's unauthorized use of the SIMPLY trademark to identify and promote its health and/or beauty products, is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Nutraceutical, or as to the origin, sponsorship, or approval of Defendant's products by Nutraceutical. Defendant's conduct constitutes the use of a false designation of origin and false descriptions and representations in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

28. Defendant's conduct has caused and continues to cause irreparable injury to the value and goodwill of Nutraceutical's SIMPLERS mark, as well as irreparable injury to Nutraceutical's business, goodwill, and reputation.

29. Nutraceutical has no adequate remedy at law because damages are continuing and difficult to ascertain.

30. Defendant's continued use of its Infringing Mark is deliberate, willful, and constitutes a knowing infringement of Nutraceutical's SIMPLERS mark.  Nutraceutical, therefore, is entitled to disgorgement of Defendant's profits and attorneys' fees and costs incurred in this action, along with prejudgment interest.

## SECOND CLAIM FOR RELIEF

### (Utah Truth in Advertising Act)

31. Nutraceutical incorporates the preceding paragraphs as though set forth fully herein.

32. Defendant's actions described above, and specifically Defendant's unauthorized use of its Infringing Mark to identify and promote its nutritional and/or dietary supplements and/or health and/or beauty products, have caused or are likely to cause confusion or misunderstanding by actual and prospective purchasers and customers regarding the true source, sponsorship, approval, affiliation, connection, or association of Defendant's products.  This conduct constitutes a deceptive trade practice and/or deceptive or misleading advertising practice in violation of Utah code Ann. § 13-11a-1 *et seq.*

33. Nutraceutical is entitled to prevent, restrain and enjoin Defendant from current and future uses of Nutraceutical's SIMPLERS mark.

34. Nutraceutical is entitled to an award of its attorneys' fees pursuant to § 13-11a-1 *et seq*. for being required to file and prosecute this action.

35. Nutraceutical has no adequate remedy at law, has suffered and is continuing to suffer irreparable harm as a result of Defendant's acts, and therefore is entitled to preliminary and permanent injunctive relief to enjoin Defendant from further misconduct.

## PRAYER FOR RELIEF

Plaintiffs pray for the following relief and requests that:

1. The Court grant preliminary and permanent injunctive relief enjoining the Defendant and each of its officers, directors, agents, servants, and employees, and all others acting in concert with and having knowledge thereof, from using the SIMPLY mark, or any other mark confusingly similar thereto, in connection with the promotion, sale, or offer of sale of personal care or related products;

2. The Court order that Defendant account to Nutraceutical for all sales, revenues, and profits derived from sale of products under the SIMPLY mark, and that all such profits be disgorged and paid to Nutraceutical;

3. The Court order Defendant to withdraw and recall all infringing literature, Internet website use, advertising material, labels, and other items bearing the SIMPLY mark, and either deliver those materials to Nutraceutical for destruction or arrange for their destruction in a manner acceptable to Nutraceutical;

4. The Court order the Defendant to conduct corrective advertising sufficient to inform the consuming public that there is no connection between Nutraceutical and Defendant;

5. The Court award Nutraceutical the costs of this action and reasonable attorneys' fees and expenses.

Dated December 12, 2014.

        Respectfully submitted,

        /s/ Mark A. Miller
        Timothy P. Getzoff
        Mark A. Miller
        HOLLAND & HART LLP

        **ATTORNEYS FOR NUTRACEUTICAL CORPORATION AND NUTRAMARKS, INC.**

7372743_3